Kim Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

12 CV 6897

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SILVIO ALEXIS MARTINEZ,

           Plaintiffs,

   -against-

THE CITY OF NEW YORK, P.O. KEVIN
MURPHY, and P.O.s "JOHN DOE" #1-5
(said names being fictitious, as the true names
are presently unknown), Individually and in
their Official Capacities.

           Defendants.

-----------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiff Silvio Alexis Martinez ("Plaintiff"), by his attorney, Kim E. Richman, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for the wrongful acts of Defendants P.O. John Murphy and P.O.s "John Doe" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, and the

City Of New York (collectively, "Defendants") in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff Silvio Alexis Martinez was a resident of the County of the Bronx, located in the Southern District of New York, at 930 Neill

Avenue, Bronx, NY, along with his parents Silvio Martinez Sr. and Elia Martinez and his sisters Silvia Martinez and Gladys Martinez.

8. At all times relevant hereto, Plaintiff had no prior criminal record.

9. At all times relevant hereto, Defendant the City of New York (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department (hereinafter, the "NYPD"), which employs the other named Defendants.

10. At all times relevant to this action, Defendants P.O. Kevin Murphy (Shield #7111) and P.O.s "John Doe" #1-5 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the NYPD and acting under color of state law.

11. At all times relevant hereto and in all their actions described herein, said police officer Defendants were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

12. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

### Incident #1

13. On April 14, 2011, Plaintiff Silvio Alexis Martinez, a minor at the time, was involved in a physical altercation with Pedro Colon, a neighborhood bully who was six (6) years older than Plaintiff. The fight started when Mr. Colon harassed Plaintiff and attempted to steal Plaintiff's hat.

14. In the midst of the physical altercation, Pedro Colon dropped his cell phone – a BlackBerry phone that looks identical to Plaintiff's BlackBerry phone, even having the same red phone cover. Mistakenly believing the dropped phone to be Plaintiff's, a female friend picked it up and took it with her.

15. After leaving the scene of the altercation, Plaintiff realized that he still had his phone on his person and, thus, that the other phone was not his. Plaintiff then voluntarily came into the 52nd Precinct NYPD police station on that same day, April 14, 2011, to explain the situation. He was detained in the police station but not arrested at that time.

16. Plaintiff's mother, Elia Martinez, and his father, Silvio Martinez Sr., accompanied Plaintiff to help clarify the misunderstanding. Defendant P.O. Kevin Murphy acknowledged that the phones looked identical, but insisted that officers would have to interrogate Plaintiff and check his records. Defendant P.O. Kevin Murphy told the parents to come back in two (2) hours.[1]

---

[1] Plaintiff's sister, Silvia Martinez, was also improperly questioned about her brother's arrest charges. This took place when Silvia Martinez went to the 52nd Precinct station to file a police report on a separate case wherein she was a victim of a hit-and-run accident on April 14, 2011. Rather than assisting Ms. Silvia Martinez, the Defendant officers interrogated Plaintiff's sister without regard of her rights.

4

17. Defendant kept Plaintiff, who was a minor at the time, locked in a room and, without his parents present, aggressively interrogated him regarding people he knew in the area.

18. As instructed by Defendants, Elia Martinez returned to the police station within two (2) hours. She was then told by the sergeant that Plaintiff would have to be arrested because complainant Pedro Colon had allegedly accused Plaintiff of assault and of stealing four hundred dollars ($400) and a pair of earrings.

19. Plaintiff was arrested and detained for twenty-four (24) hours based on the fraudulent accusations.

20. On May 1, 2012, the action against Plaintiff stemming from this arrest was dismissed, as were all pending criminal charges related to the action.

**Incident #2**

21. Ms. Silvia Martinez, Plaintiff's sister, was further harassed and traumatized on or around April 17, 2011, when officers in plain clothes, including P.O. Murphy and another Defendant officer, came to the Martinez home to inquire about Plaintiff. Plaintiff was not present at the time because he was with family in Virginia. In response to this visit, Mrs. Elia Martinez called Defendants and was informed that they wanted Silvio to come in for a lineup because a couple of his friends had been allegedly arrested, and Defendants "wanted to make sure Silvio was staying out of trouble."

22. On the morning of April 20, 2011, Mrs. Martinez took Plaintiff to the 52nd Precinct police station.

23. Plaintiff was then required to participate in an unduly suggestive lineup with stand-in officers who were older and with beards, bearing no physical resemblance

to Plaintiff, who was a minor and clean-shaven. An alleged theft victim, Angel Gines, identified Plaintiff from the lineup as the alleged perpetrator.

24. As a result of the erroneous lineup identification, Plaintiff was arrested and detained for thirty (30) hours.

25. A complaint filed against him on April 20, 2011, stated that, on April 10, 2011, Silvio Alexis Martinez and an unapprehended male physically attacked the complainant, Angel Gines, and stole the complainant's cell phone at a public park.

26. Defendant P.O. Kevin Murphy falsely reported that Plaintiff's picture was chosen from a book on April 11, 2011. In fact, Plaintiff had never been arrested prior to the incident on April 14, 2011, and thus, his picture could not have been in the book on April 11, 2011.

27. On May 1, 2012, the action against Plaintiff regarding the April 10, 2011, incident, and all pending criminal charges related to it, were dismissed after Plaintiff's defense attorney was able to prove – using Plaintiff's cell phone records – that Plaintiff was nowhere in the vicinity of the alleged incident on April 10, 2011.

28. Between April 14, 2011, the date of Plaintiff's initial arrest, and May 1, 2012, the date at which the two actions against him were finally dismissed, Plaintiff was required to go back and forth to court approximately every two (2) months.[2]

29. As a result of the repeated harassment and mistreatment of Plaintiff and his family by the NYPD officers, Plaintiff and his family no longer wish to live in New

---

[2] Moreover, approximately one (1) month after Plaintiff's second arrest, two (2) uniformed police officers and a captain visited the Martinez' home. Plaintiff's sister, Gladys Martinez, answered the door. She and her mother, Mrs. Martinez, were told that Defendant officers were there to talk with Plaintiff about joining a youth program called "Explorers." In fact, Defendant officers proceeded to interrogate Plaintiff.

York City and intend to move out of state. Plaintiff is afraid to leave his home due to a fear of being harassed by the police. Family members have suffered ailments such as depression, panic attacks, and stress headaches. The financial strain of the unfortunate events and attendant legal costs has also led the family to file for bankruptcy.

### FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

30. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

32. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of

his/her respective municipality/authority that is forbidden by the Constitution of the United States.

36. By these actions, Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

38. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes in violation of 42 U.S.C. § 1985, for which Defendants are individually liable.

### THIRD CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and re-alleges, each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

40. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by Defendants in criminal proceedings, without any probable cause, privilege, or consent.

41. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

42. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

47. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

48. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

49. The criminal proceedings against Plaintiff were terminated in his favor on May 1, 2012.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

51. Defendants issued legal process to place Plaintiff under arrest.

52. Defendants arrested Plaintiff to obtain a collateral objective outside the legitimate ends of the legal process.

53. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

55. Defendants The City Of New York, P.O. Kevin Murphy, and P.O.s "John Doe" #1-5 (said names being fictitious, as the true names are presently unknown) falsely arrested and falsely confined Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety, and constitutional rights.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs,

policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

58. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

59. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

60. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

64. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without

due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

65. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

 a. Not to be deprived of liberty without due process of law;

 b. To be free from seizure and arrest not based upon probable cause;

 c. To be free from unlawful imprisonment;

 d. To be free from unwarranted and malicious criminal prosecution;

 e. To be free from excessive force and infliction of emotional distress;

 f. Not to have cruel and unusual punishment imposed upon them; and

 g. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         September 10, 2012

Respectfully submitted,

/s/ Kim E. Richman

Kim E. Richman, Esq.
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*